# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LaSHONDA PEEBLES,** | |
| **Plaintiff,** | |
| v. | **Case No. 15 C 2547** |
| **CHICAGO STATE UNIVERSITY,** *et al.,* | **Judge Harry D. Leinenweber** |
| **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

Plaintiff LaShondra Peebles ("Peebles") initially filed this lawsuit in the Circuit Court of Cook County, Illinois alleging a single cause of action under the Illinois State Officials and Employees Ethics Act (the "Ethics Act"), 5 ILCS 430/15-5, *et seq.* On March 25, 2015, Defendants removed the action to the Northern District of Illinois. Before the Court is Peebles' Motion to Remand the Case to State Court and for Attorneys' Fees and Costs [ECF No. 11]. For the reasons stated herein, Peebles' Motion to Remand is granted, and her Motion for Attorneys' Fees and Costs is denied.

## I. BACKGROUND

The allegations of Peebles' Complaint are briefly summarized below. Prior to her termination on June 2, 2014, Peebles served as Interim Vice President of Enrollment and Student Affairs for Defendant Chicago State University ("CSU"). Peebles' Ethics Act claim is

premised on three incidents that allegedly occurred during her employment and gave rise to her wrongful termination.

The first incident involves Peebles' disclosure of certain information to the United States Department of Education (the "DOE"). In April 2012, Peebles was charged with renewing the Participation Agreement between CSU and the DOE, which enables CSU to receive Title IV federal student financial aid. When Peebles discovered that CSU's prior Participation Agreement falsely stated that CSU did not offer off-site classes, she contacted the DOE. Ultimately, the DOE conducted a review and provisionally approved a renewed Participation Agreement. However, CSU administrators prevented Peebles from reporting the university's provisional status to the CSU board.

The second incident involves Peebles' refusal to authorize payments to a university food vendor in the absence of a contract. Although Peebles asked for a copy of the contract between CSU and the vendor, CSU administrators failed to produce one and urged Peebles to sign off on the payments anyway. Peebles threatened to call the Illinois Auditor General.

The final incident involves Peebles' failure to file a sexual harassment claim against a CSU professor who was critical of the CSU administration. Although Peebles repeatedly denied that she had been sexually harassed by the professor, CSU administrators urged her to lodge a complaint. Peebles refused.

On June 2, 2014, without the pre-termination hearing required under university regulations, CSU terminated Peebles' employment.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove a case from state court to federal court if the federal district court would have original subject matter jurisdiction over the action. *Disher v. Citigroup Global Markets Inc.,* 419 F.3d 649, 653 (7th Cir. 2005), *vacated on other grounds,* 548 U.S. 901 (2006). The party seeking to invoke federal subject matter jurisdiction bears the burden of showing that removal is proper. *Boyd v. Phoenix Funding Corp.,* 366 F.3d 524, 529 (7th Cir. 2004).

Defendants seek to invoke federal jurisdiction under 28 U.S.C. § 1331, which provides federal district courts with original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Most often, a case arises under federal law "when federal law creates the cause of action asserted." *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.,* 776 F.3d 463, 465 (7th Cir. 2015) (citation and internal quotations omitted). However, in a small category of cases, federal question jurisdiction may arise "even when a claim finds its origins in state rather than federal law." *Gunn v. Minton,* 133 S.Ct. 1059, 1064 (2013). Federal jurisdiction over a state-law claim is proper when a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 1065.

**III. ANALYSIS**

Peebles seeks to remand the case for lack of subject matter jurisdiction. Defendants argue this Court has jurisdiction, and removal is proper, because Peebles' complaint (1) contains claims arising under federal law, and (2) presents substantial questions of federal law.

**A. Federal Claims**

Defendants first contend that removal is appropriate because several federal claims are buried in Peebles' Complaint, including a federal whistleblower retaliation claim under the American Recovery and Reinvestment Act of 2009 (the "ARRA") and § 1983 claims based on violations of Peebles' due process and free speech rights.

The "artful pleading doctrine" is a corollary to the well-pleaded complaint rule. *Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir. 1992). Under the artful pleading doctrine, "[a] plaintiff may not frame his action under state law and omit federal questions that are essential to recovery." *Id.* Although plaintiffs may omit federal claims from their complaints to avoid federal jurisdiction, "they may not omit necessary federal elements of an included claim." *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013). Removal is also proper where "federal law completely preempts a plaintiff's state-law claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

The Court turns first to the potential ARRA claim. Even if Peebles could state a claim under ARRA, removal is not proper on this basis because Defendants have not established that ARRA completely

preempts state whistleblower actions. In fact, the section of ARRA governing state whistleblowers explicitly provides that "[n]othing in this section may be construed to preempt, preclude, or limit the protections provided for public or private employees under State whistleblower laws." Pub. L. 115-5, § 1553(f)(2), 123 Stat. 115, 301 (2009).

The Court now turns to the due process and speech issues embedded in Peebles' Complaint and assesses whether they are "necessary federal elements" of her Ethics Act claim. The Ethics Act prohibits retaliatory action against state employees who (1) disclose to a supervisor or public body "an activity, policy, or practice of any officer, member, State agency, or other State employee that the State employee reasonably believes is in violation of a law, rule, or regulation," or (2) provide information to a public body "conducting an investigation, hearing, or inquiry into any violation of a law, rule, or regulation by any officer, member, State agency, or other State employee." 5 ILCS 430/15-10(1)-(2).

Neither of the constitutional violations Defendants point to is a "necessary federal element" of Peebles' claim. A violation of due process is not an essential element, although, as Peebles correctly points out, failure to provide a pre-termination hearing may serve as indirect evidence of retaliatory intent or pretext. *See, Irick v. Ill. Human Rights Comm'n,* 726 N.E.2d 167, 173 (2000). A First Amendment violation is not an essential element either. Defendants assert a First Amendment violation without attempting to establish that Peebles' speech was, in fact, protected. As the Supreme Court

has held, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos,* 547 U.S. 410, 421 (2006).

Because federal law does not preempt Peebles' claim, and no federal claims constitute an essential element of her claim, removal on this basis is improper.

### B. Substantial Questions of Federal Law

Defendants next argue that removal is proper because Peebles' Ethics Act Claim necessitates the resolution of several substantial questions of federal law, particularly with respect to Peebles' disclosure of CSU's alleged misstatements to the DOE. The Ethics Act requires Peebles to show that she was retaliated against for disclosing what she reasonably believed to be a violation of a law or regulation, or that she provided information to a public body that was investigating a violation of a law or regulation. *See,* 5 ILCS 430/15-10. To determine whether violation of a law or regulation took place, Defendants argue, the Court will have to assess whether Title IV required CSU to amend its prior DOE applications and whether CSU's off-site locations violated the Participation Agreement, among other substantial issues of federal law. (*See,* Defs.' Opp. ECF No. 15, at 5.)

"[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 813 (1986).

Turning to the four-part test identified in *Gunn,* the Court finds that the federal issues Defendants point to are neither "substantial" nor "necessarily raised" by Peebles' complaint. An issue of federal law is substantial when it is important to the federal system as a whole, not merely when it is "significant to the particular parties in the immediate suit." *Gunn,* 133 S.Ct. at 1066. In *Gunn,* the Supreme Court held that removal of a legal malpractice case to federal court was improper, even though analysis of the plaintiff's malpractice claim hinged upon a question of federal patent law. *Id.* at 1065. The Court found that the federal issue — whether an inventor's infringement claims would have failed had his attorneys raised an experimental-use argument — was not substantial because it had no broader effects reaching beyond the malpractice case itself. *Id.* at 1068. Here, the Ethics Act does not require Peebles to establish that a federal law was actually violated. *See,* 5 ILCS 430/15-10. Whether she can establish that she "reasonably believed" CSU violated DOE regulations will not impact other litigation involving Title IV federal financial aid.

Moreover, the Court finds that federal questions are not "necessarily raised" by Peebles' claim. A federal question is not "necessarily raised" when a federal issue is not an essential element of a plaintiff's state-law claim. *See, Ill. AFL-CIO v. Rauner,* No. 15-CV-271-SMY-SCW, 2015 WL 1639637, at *2 (S.D. Ill. Mar. 23, 2015). Here, it is not necessary for Peebles to address the federal questions Defendants identify to state a claim under the Ethics Act. Her claim is premised on three incidents that took place during her

employment, only one of which involves the alleged violation of federal law. The Court therefore finds that federal questions are not "necessarily raised" by Peebles' Complaint.

Because no substantial federal questions are necessarily raised by Peebles' claim, and no "necessary federal elements" are omitted from it, Peebles' Motion to Remand is granted.

### C. Plaintiff's Request for Attorneys' Fees and Costs

Under 28 U.S.C. § 1447(c), a court may award attorneys' fees and costs incurred as a result of removal. An award of fees and costs is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In determining whether to award attorneys' fees under § 1447(c), courts must balance the policy objectives of the removal statute and its fee-shifting provision, protecting the right to remove while deterring removals brought for improper purposes. *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011). Whether to award attorneys' fees and costs rests within the sound discretion of the district court. *Tenner v. Zurek,* 168 F.3d 328, 330 (7th Cir. 1999).

Although the Court concludes that remand is appropriate, it does not find that Defendants lacked an "objectively reasonable basis" for seeking removal. Defendants advanced reasonable legal arguments in their effort to show that federal claims — and substantial questions of federal law — were part and parcel of Peebles' Ethics Act claim. It does not appear that Defendants sought to remove this case to delay

the litigation or for any other improper purpose.  Peebles' request for attorneys' fees and costs is therefore denied.

## IV. CONCLUSION

For the reasons stated herein, Peebles' Motion to Remand the Action to State Court [ECF No. 11] is granted.  The Court denies Peebles' request for attorneys' fees and costs.  The case is remanded to the Circuit Court of Cook County, Illinois.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 5/1/2015